**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KAREEM ABDUL BONNER,

        Plaintiff,

    v.

SCOPE SERVICES INC., et al.,

        Defendants.

Case No. 1:12-cv-32

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I. Procedural Background**

On January 13, 2012, Plaintiff, proceeding *pro se*, initiated this employment discrimination case. Plaintiff originally named as defendants: 1) Scope Services Incorporated; 2) Utility Outsource Services Inc.; 3) Duke Energy and/or Duke Energy Corporation.

On February 9, 2012, Defendant Duke Energy filed a motion to dismiss. (Doc. 5). On March 13, 2012, the Court granted Defendant Utility Outsource Services leave to file its own motion to dismiss; or in the alternative, for a more definite statement. On March 6, 2012, Defendant Scope Services Incorporated also filed a motion to dismiss.

In addition to granting Defendant Utility Outsource Services leave to file its motion to dismiss, the Court's March 13 Order granted Plaintiff a thirty (30) day extension of time to respond to all pending motions to dismiss. (Doc. 11). On April 16, 2012, counsel

1

entered his appearance on behalf of the previously *pro se* Plaintiff. (Doc. 13). On the same date, Plaintiff filed a motion "to clarify" the Court's March 13 Order, or in the alternative, for an additional extension of time to respond to the pending motions. Plaintiff's motion also sought "to respond to all pending motions by filing an amended complaint."

On April 24, 2012, the Court found that good cause existed for an additional extension of time, as well as for the filing of an amended complaint.[1] Although Plaintiff's motion suggested that his new counsel "may not intend to file any formal response to the three pending motions to dismiss," the Court expressly directed Plaintiff to file at least "a minimal response" to the three pending motions to dismiss "in order to clarify the record." (Doc. 15 at 2). The Court explained: "To the extent that Plaintiff suggests that 'many' of the issues presented in the three motions to dismiss are likely to be rendered moot by the anticipated amended complaint, he may state that in his written response(s), but he should more fully respond to any issues that remain pertinent to the amended complaint." (*Id*. at 2-3). The Court ordered Plaintiff not only to file any amended complaint by April 30, but also to "file a single combined response or multiple responses to the three pending motions to dismiss on or before **April 30, 2012.**" (*Id*. at 3, ¶2).

One day after the Court's deadline, on May 1, 2012, Plaintiff filed a "First Amended Complaint." (Doc. 16). However, Plaintiff has failed to file any response to the three pending motions to dismiss.

---

[1] The Court's order noted that Plaintiff's motion to file an amended complaint was being granted without prejudice to any Defendant's right to oppose the amended complaint through a new motion to dismiss.

The caption of Plaintiff's amended complaint lists "Scope Services Incorporated, *et al.*" as the "Defendants" to this action. Whereas Plaintiff's initial *pro se* complaint identified three Defendants including Duke Energy, the body of the amended complaint now lists only two of the original Defendants: "Utility Outsource Services Inc." and "Scope Services, Inc." (Doc. 16, ¶¶5,6). Plaintiff's amended complaint describes as an action "for damages and equitable relief" based upon a retaliation claim under Ohio's worker's compensation law, and "for damages and equitable relief for disability, race, and color, and retaliation in violation of Ohio's employment discrimination statutes (Ohio Rev. Code §§4112.02 et seq.), Title VII of the Civil Rights Act of 1964, and the American with Disabilities Act." (Doc. 16, ¶1).

As Plaintiff has failed to file any timely response to the three motions to dismiss, the Court will now review those motions, taking into consideration the Plaintiff's amended complaint.

## II. Analysis

### A. Duke Energy's Motion to Dismiss (Doc. 5)

In its pending motion to dismiss, Duke Energy argues that it is entitled to dismissal of all claims brought by Plaintiff against it because: (1) it was not Plaintiff's employer; (2) Plaintiff failed to allege facts sufficient to support any cause of action against Duke Energy; (3) Plaintiff failed to exhaust his administrative remedies with respect to his Title VII claims against Duke Energy; and (4) the Court lacks subject matter jurisdiction over Plaintiff's state law claim for workers' compensation retaliation because Plaintiff failed to satisfy the notice requirements of Ohio Revised Code §4123.90.

Plaintiff has failed to file any opposition to Duke Energy's motion. Moreover, Plaintiff's amended complaint omits Duke Energy as a named Defendant. For the reasons stated in Duke Energy's unopposed motion and for the additional reason that Plaintiff has clearly abandoned all claims against Duke Energy, Duke Energy's motion to dismiss (Doc. 5) should be granted.

**B.    The Motions of Snope Services, Inc. and of Utility Outsource Services, Inc. to Dismiss or in the Alternative, for a More Definite Statement (Docs. 8, 12).**

The two motions filed by Snope Services, Inc. and Utility Outsource Services, Inc. both seek dismissal in part because Plaintiff's original *pro se* complaint failed to request either legal or equitable remedies for his claims, and instead sought only "the platform to seek justice" as relief. (Doc. 3 at 6). Both Defendants also sought dismissal because Plaintiff's original complaint failed to allege basic facts regarding his race or national origin in order to assert a claim for racial discrimination. The noted facial deficiencies of Plaintiff's *pro se* pleading appear to have been cured by the filing of Plaintiff's first amended complaint. Therefore, the separate motions of Snope Services, Inc. and of Utility Outsource Services, Inc. to dismiss or for a more definite statement should be denied as moot.

**III.  Conclusion and Recommendations**

For the reasons stated herein, **IT IS RECOMMENDED:**

1.  That Defendant Duke Energy's unopposed motion to dismiss (Doc. 5) be **GRANTED** and that all claims against Duke Energy be dismissed with prejudice;

2.  That the motions of Defendants Snope Services, Inc. and of Utility Outsource

4

Services, Inc. to dismiss or for a more definite statement (Docs. 8, 12)  be **DENIED AS**

**MOOT** in light of the filing of Plaintiff's first amended complaint.


      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KAREEM ABDUL BONNER,                              Case No. 1:12-cv-32

        Plaintiff,                                        Dlott, J.
                                                            Bowman, M.J.
    v.

SCOPE SERVICES INC., et al.,

        Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).